UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X   Case No.
NIGEL CLARK,

                        Plaintiff,                    **COMPLAINT**

        - against -

                                                      **PLAINTIFFS DEMANDS
A TRIAL BY JURY**

R & R AUTO, INC., and PETER ROESTENBERG,
*Individually*,

                        Defendants.
------------------------------------------------------------------X

       Plaintiff, Nigel Clark, through his attorneys, Phillips & Associates, Attorneys at Law, PLLC, hereby complains of the Defendants, R & R Auto, Inc. and Peter Roestenberg, and alleges as follows:

## NATURE OF THE CASE

1. Plaintiff Nigel Clark brings this action against Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York State Labor Law, Articles 6 & 19 ("NYLL") for violations of the minimum wage and overtime laws, for retaliation, and for violations of the Wage Theft Prevention Act.

## PARTIES

2. Plaintiff **Nigel Clark** is a citizen of New York and resides in Brooklyn, New York

3. Defendant **R & R Auto, Inc.** ("R & R") is a New York corporation with its principal place of business located at 30 Sintstink Drive East, Port Washington, NY 11050.

4. Defendant **Peter Roestenberg** was and is the Chief Executive Office and Owner of R & R. At all relevant times, Mr. Roestenberg exercised operational and financial

control over R & R in a manner that directly affected the Plaintiff's employment, including but not limited to the power to hire, fire, and/or directly affect the terms and conditions of Plaintiff's employment, determine his rate and method of pay, and/or maintain employment records.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court is proper under § 216(b) of the FLSA (29 U.S.C. § 216 (b)) and 28 U.S.C. § 1331.

6. The Court has supplemental jurisdiction over the Plaintiff's claims brought under state law pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as it is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## FACTUAL ALLEGATIONS

8. Mr. Clark began working for R & R in December 2014 as an auto body painter.

9. Mr. Roestenberg told Mr. Clark that Mr. Clark would be paid $250 per week.

10. Nearly every week from December 2014 until July 26, 2016, Mr. Clark worked 48 hours per week, which consisted of him working eight hours per day Monday through Saturday.

11. Each week, Mr. Roestenberg would give Mr. Clark a personal check from R & R Auto Inc. in the amount of $200.79.

12. Mr. Clark was never provided with notice of his regular rate of pay and overtime rate of pay.

13. Mr. Clark was never provided with any payroll statements showing the work days covered by that pay period, his rate of pay, any deductions, and his net wages.

14. In or about August 2015, Mr. Clark began to look for a new apartment and needed payroll information from his employer as part of the leasing application process. Mr. Clark asked R & R for such information. In response, Mr. Roestenberg provided Mr. Clark with a letter stating that Mr. Clark "is an employee in good standing at R & R" and that "[h]e is a skilled tradesman and his work ethic and work performance are commendable." Mr. Clark asked for more proper paperwork but was never given any.

15. In June 2016 Mr. Clark was attempting to obtain financing for the purchase of an automobile, and again asked Mr. Roestenberg for proper payroll documents. In response, R & R simply provided Mr. Clark with a letter which had a photocopy of a personal check for $200.79 to Mr. Clark. Mr. Clark complained to Mr. Roestenberg that Mr. Clark needed legitimate payroll statements. Mr. Roestenberg told Mr. Clark not to ask for things like that.

16. Mr. Clark again asked Mr. Roestenberg for proper wage statements in July 2016 and complained to Mr. Roestenberg that Mr. Clark was not being given adequate documentation regarding his pay. Mr. Roestenberg again dismissed Mr. Clark's complaints.

17. Mr. Clark was terminated shortly after this request.

18. R & R terminated Mr. Clark in retaliation for his complaints of labor law violations.

19. Prior to his Mr. Clark requesting lawful payroll records and his being terminated, he never received any warnings, reprimands, or criticisms of his work, nor was he ever in danger of being terminated.

20. In Mr. Clark's 2015 W-2 statement from R & R, R & R provided that they paid Mr. Clark a total of $3808.00. In Fact, R & R paid Mr. Clark roughly $10,441.08 in 2015.

21. Mr. Clark is a non-exempt employee covered by the minimum wage and overtime laws of the FLSA and the NYLL.

22. During his employment, Mr. Clark was paid $4.18 per hour, with no overtime payments.

23. In 2014, the minimum wage in New York state was $8.00 per hour. Mr. Clark was paid $401.58 for 96 hours worked in 2014, including 16 overtime hours. Based on the fact that Mr. Clark was paid $4.18 per hour, Mr. Clark is owed $3.82 per hour for the 80 non-overtime hours he worked, and $7.82 per hour for the 16 overtime hours that he worked. Mr. Clarks total unpaid wages in 2014 are $430.72 ($3.82 x 80 + $7.82 x 16).

24. In 2015, the minimum wage in New York state was $8.75 per hour. Mr. Clark worked roughly 2,496 hours in 2015, including 416 overtime hours. Based on the fact that Mr. Clark was paid $4.18 per hour, Mr. Clark is owed $4.57 per hour for the 2,080 non-overtime hours he worked, and $8.94 per hour for the 416 overtime hours that he worked. Mr. Clark's total unpaid wages for 2015 are $13,244.64 ($4.57 x 2080 + $8.94 x 416).

25. In 2016, the minimum wage in New York state was $9.00 per hour. Mr. Clark worked roughly 1,344 hours in 2016, including 224 overtime hours. Based on the

fact that Mr. Clark was paid $4.18 per hour, Mr. Clark is owed $4.82 per hour for the 1,120 non-overtime hours that he worked, and $9.32 per hour for 224 overtime hours that he worked. Mr. Clark's total unpaid wages for 2016 are $7,486.08 ($4.82 x 1120 + $9.32 x 22).

26. In total, Mr. Clark's total unpaid wages from Defendants is $21,161.44.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## OVERTIME

25. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

26. Defendants willfully employed Plaintiff for workweeks longer than forty (40) hours and failed to compensate Plaintiff for his employment in excess of forty (40) hours per week at a rate of at least one-and-one-half times the rate at which he was employed.

27. Defendants failed to pay overtime wages to Plaintiff as required by the FLSA, 29 U.S.C. § 201, *et seq.*, and its implementing regulations.

28. Defendants' failure to pay Plaintiff overtime pay in accordance with the FLSA is a direct violation of the FLSA, specifically 29 U.S.C. § 207.

29. Defendants' failure to pay proper overtime wages for each hour worked over forty (40) per week was willful within the meaning of 29 U.S.C. § 255.

30. As a result of Defendants' failure to comply with the FLSA, Plaintiff is entitled to recover unpaid wages, liquidated damages, attorney's fees and costs, and all other relief available under the FLSA.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

## MINIMUM WAGE

31. Plaintiff repeats and reallege each and every allegation made in the above paragraphs of the complaint as if same were set forth herein fully at length.

32. Defendants willfully employed Plaintiff and failed to compensate him at the required minimum hourly rate.

33. Defendants failure to pay Plaintiff the mandated minimum hourly rate in accordance with the FLSA violated § 29 U.S.C. 206.

34. Defendants failure to pay Plaintiff in accordance with the provisions of the FLSA was willful within the meaning of 29 U.S.C. § 255.

35. As a result of Defendants' failure to comply with the FLSA, Plaintiff is entitled to recover unpaid wages, liquidated damages, attorney's fees and costs, and all other relief available under the FLSA.

### THIRD CAUSE OF ACTION
### VIOLATION OF NEW YORK LABOR LAW § 652(1)
### MINIMUM WAGE

36. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

37. Plaintiff was an employee of Defendants within the meaning of New York Labor Law.

38. Defendants failed to pay Plaintiff the required minimum hourly wage rate for each hour of work during his employment.

39. Defendants violated Plaintiff's right to minimum wage pay under § 652(1); New York Labor Law, Article 19.

40. Defendants also violated New York's Minimum Wage Order of 12 NYCRR

Part No. 142.

41. On account of such violations, Defendants are liable to Plaintiff for actual, statutory and liquidated damages.

42. Defendants' actions were willful.

43. Defendants' failure to comply with the New York State Labor Law and New York's Minimum Wage Order caused Plaintiff to suffer loss of wages.

44. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants his unpaid wages in an amount to be determined at trial, plus an amount equal to 100% of Plaintiff's unpaid wages in the form of liquidated damages, as well as attorneys' fees and costs of the action, including pre- and post- judgment interest, pursuant to the NYLL.

## FOURTH CAUSE OF ACTION
## VIOLATION OF NEW YORK LABOR LAW
## OVERTIME

45. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

46. Defendants employed Plaintiff within the meaning of NYLL §§ 2, 190, and 651.

47. Defendants failed to pay Plaintiff a premium for hours worked in excess of forty (40) hours per week, in violation of NYLL § 170.

48. Defendants have violated Plaintiff's rights to overtime pay under Title 12 NYCRR 142-2.2.

49. Defendants' failure to comply with the NYLL overtime requirements has caused Plaintiff to suffer loss of wages and interest thereon.

50. Defendants' failure to pay proper overtime wages is willful.

51. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants his unpaid overtime wages in an amount to be determined at trial, plus an amount equal to 100% of Plaintiff's unpaid overtime wages in the form of liquidated damages, as well as attorneys' fees and costs of the action, including pre- and post-judgment interest, pursuant to the NYLL.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## RETALIATION

52. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

53. FLSA § 15(a)(3) prohibits any person from discharging or otherwise discriminating against an employee in any manner because such employee has made a complaint related to the provisions of the FLSA.

54. As alleged herein, Defendants retaliated against the Plaintiff in violation of the FLSA when they terminated the Plaintiff in response to his complaint of FLSA violations.

55. As a result of Defendants' unlawful conduct, Plaintiff is entitled to recover damages for back pay, front pay, liquidated damages, attorney's fees and costs, and all other damages allowable under the law.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE NEW YORK LABOR LAW
## RETALIATION

56. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

57. NYLL § 215 prohibits retaliation by and employer against an employer due to an employee's reasonable and good faith complaint that he believes his employer is violating a provision of the NYLL.

58. As alleged herein, Defendants retaliatied against the Plaintiff by terminating him in response to his good faith complaints about Defendants' violations of the provisions of the NYLL.

59. As a result of Defendants' unlawful conduct, Plaintiff is entitled to recover damages for back pay, front pay, liquidated damages, attorney's fees and costs, and all other damages allowable under the law.

## SEVENTH CAUSE OF ACTION
## VIOLATIONS OF THE WAGE THEFT PREVENTION ACT

60. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

61. Defendants failed to give Plaintiff written notice regarding: his regular rate of pay, overtime rate of pay, how he was to be paid, his "regular payday," the official name of the employer and any other names used for business, the address and phone number of the employer's main office or principal location, and allowances taken as part of the minimum wage (including, inter alia, tips), in violation of NYLL § 195.

62. Plaintiff has been damaged as a result of Defendants failure to provide him with such written notice.

63. As this occurred for the entirety of Plaintiff's employment, he is entitled to the maximum amount available under the law.

64. The NYLL, Article 6 § 195 requires employers to furnish each employee with a statement with every payment of wages listing: the work days covered by that

statement; the employers name, address, and phone number; rates of pay, deductions, and net wages; overtime rates of pay; and the number of regular and overtime hours worked.

65. As alleged herein, Defendants failed to provide Plaintiff with proper wage statements.

66. Under the NYLL, Defendants are liable for failing to provide proper wage statements in the amount of two-hundred fifty dollars per day for each day that the violation occurred or continues to occur, but not to exceed a total of five thousand dollars.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Nigel Clark hereby demands a trial by jury as to all issues triable by jury in the above-captioned civil action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Nigel Clark respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the Fair Labor Standards Act and the New York State Labor Law by failing to pay Plaintiff earned wages and overtime wages and by unlawfully retaliating against Plaintiff;

B. Declaring that Defendants engaged in unlawful employment practices under the Wage Theft Prevention Act for failing to provide Plaintiff with the requisite wage notice and payroll statements;

C. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful conduct and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

D. Awarding Plaintiff liquidated damages;

E. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: New York, New York
October 11, 2016

                                      **PHILLIPS & ASSOCIATES,**
                                      **ATTORNEYS AT LAW, PLLC**

By: _____
David Schwartz, Esq.
Dorina Cela, Esq.
*Attorneys for Plaintiff*
45 Broadway, Suite 620
New York, New York 10006
(212) 248-7431
dschwartz@tpglaws.com
dcela@tpglaws.com